IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:21-CR-341- |
| | § | ALM-CAN-1 |
| WAYNE ALLEN BLEDSOE, JR. (1) | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Wayne Allen Bledsoe, Jr.'s ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 27, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Heather Rattan.

Defendant was sentenced on December 1, 1995, before The Honorable Walter S. Smith Jr. of the Western District of Texas after being found guilty of the offense of Count 1: Conspiracy to Possess with Intent to Distribute and to Distribute "Crack" Cocaine, a Class A felony and Count 2: Money Laundering, Aiding and Abetting, a class C felony. Count 1 carried a statutory maximum imprisonment term of Life and Count 2 carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 44 and a criminal history category of III, was Life for Count 1 and 240 months for Count 2. Defendant was subsequently sentenced to Life imprisonment followed by a term of supervised release for a period of five years as to Count 1 and 240 months imprisonment followed by a term of supervised release for a period of three years as to Count 2 subject to the standard conditions of release, plus special conditions to include report within 72 hours of release, pay fine and special assessment fee,

substance abuse treatment and testing, and access to any financial documentation. On January 17, 2017, Defendant was granted Clemency and the term of imprisonment was reduced to 360 months, Defendant completed his period of imprisonment and began service of the supervision term on December 10, 2019.

On May 18, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed]. The Petition asserts that Defendant violated one (1) condition of supervision, as follows: (1) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances [Dkt. 2 at 1, Sealed].

The Petition alleges that Defendant committed the following acts: (1) Defendant submitted urine specimens on February 1 and June 27, 2020; November 15 and November 17, 2021; April 6 and April 19, 2022, all of which tested positive for marijuana. Each sample was later confirmed positive by Alere Toxicology. Defendant admitted to using marijuana on November 15, 2021, and April 6, 2022. Additionally, Alere Toxicology determined that the positive drug test on November 17, 2021, and April 19, 2022, was the result of a new use before each testing date. On May 12, 2022, Defendant submitted a positive urine sample and denied any new use. The specimen was sent to the national laboratory for confirmation [Dkt. 2 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 1 of the Petition. Having considered the Petition and the plea of true to allegation 1, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 15, 16].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of five (5) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**SIGNED this 11th day of July, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE